**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael John GRASSI, Jr., Defendant-Appellant.**

**No. 78–5494.**

United States Court of Appeals, Fifth Circuit.

Sept. 25, 1980.

Rehearing Denied Oct. 20, 1980.

---

Marc Cooper, Miami, Fla., for defendant-appellant.

Anthony J. LaSpada, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WISDOM, CHARLES CLARK and FAY, Circuit Judges.

PER CURIAM:

This case is before us on remand from the United State Supreme Court for reconsideration in light of that Court's recent decision in *Walter v. United States*, —— U.S. ——, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). In our prior decision, we affirmed the conviction of appellant for violating various statutes forbidding interstate shipment of obscene material. *United States v. Grassi*, 602 F.2d 1192 (5th Cir. 1979).

In *Walter*, the Supreme Court reversed a decision of this Court and held that the FBI needed a search warrant to view obscene movie films contained in several packages lawfully in the FBI's possession. Grassi's violations concerned film from these same packages. Our prior opinion did not discuss the validity of the search condemned in *Walter*. Grassi's only reference to that fourth amendment issue in his briefs in this Court was the following cryptic footnote:

The issue of whether the Motion to Suppress was properly denied has not been presented because of the recent decision of *United States v. Bush*, 582 F.2d 1016

(5th Cir. 1978), which holds that Appellant [Grassi] has no standing; if, however, this decision is overruled or reconsidered, the Appellant specifically reserves the question of whether he has standing to challenge the search and seizure of the films in the instant case.

Inasmuch as the standing rules in this circuit have not changed to Grassi's benefit but have, in fact, changed to his detriment,[1] this footnote raises no fourth amendment issue.

Upon reconsideration as mandated, the conviction of Michael John Grassi, Jr., is again

AFFIRMED.

---

1. *See, e. g., United States v. Salvucci*, —— U.S. ——, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), which abrogated the automatic standing rule.